UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JEFFREY DOWLING,

    Plaintiff,

v.

CITY OF FORT LAUDERDALE, FLORIDA, a municipal corporation, and DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL, individuals,

    Defendants.
_____/

## COMPLAINT

JEFFREY DOWLING (hereinafter "PLAINTIFF"), by and through his undersigned counsel, sues the CITY OF FORT LAUDERDALE, FLORIDA, (hereinafter "DEFENDANT FORT LAUDERDALE"), and DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL, individuals, and states:

1) This is an action for damages arising out of violations of federal law and state torts detailed below.

2) This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above.

3) The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida. In connection with the acts, practices and violations alleged below, that the DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL have either directly or indirectly violated PLAINTIFF's constitutional rights and rights under federal law..

4) At all times material hereto, DEFENDANT FORT LAUDERDALE had its place of business in the City of FORT LAUDERDALE, Florida and was *sui juris*. .

5) At all times material hereto, DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL were employees, law enforcement officers and agents of DEFENDANT FORT LAUDERDALE.

6) At all times material hereto, DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL were over 18 years of age and were *sui juris*.

7) At all times material hereto, PLAINTIFF was over 18 years of age and was *sui juris*.

8) All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28(6)(a) - (d).

9) At all times relevant hereto, DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL were acting within the scope and authority of their employment as law enforcement officers for DEFENDANT FORT LAUDERDALE

10) PLAINTIFF presented his claims in writing to DEFENDANT FORT LAUDERDALE by means of a letter of demand for damages within three (3) years of the accrual of cause of action.

11) DEFENDANT FORT LAUDERDALE never made final disposition of the PLAINTIFF's written claims within six (6) months of their presentation.

12) PLAINTIFF is a black male.

## FACTS

.

13) The City of Deerfield Beach is outside the jurisdictional limits of the City of FORT LAUDERDALE, Florida.

14) Police officers of the City of FORT LAUDERDALE do not have any legal authority within the City of Deerfield Beach or outside the City of FORT LAUDERDALE.

15) On January 6, 2009, City of FORT LAUDERDALE Police Officers received a communication from law enforcement agents of a federal law enforcement agency requesting the City of FORT LAUDERDALE Police conduct a traffic stop of a "VEHICLE" and detain its occupant who was a black male.

16) At no time did the agents of the federal law enforcement agency state the basis for which the VEHICLE should be stopped and the occupant detained.

17) At no time did anyone witness a traffic violation committed by the VEHICLE.

18) FORT LAUDERDALE Police followed the VEHICLE after it left the City of FORT LAUDERDALE, traveling through other cities including unincorporated areas of Broward County, all of which the police officers of the City of FORT LAUDERDALE have no jurisdiction..

19) The City of FORT LAUDERDALE Police encountered the VEHICLE in the City of Deerfield Beach and upon that encounter detained the VEHICLE and its occupant by handcuffing him, although they had not received any information regarding any violation of the law that he had committed.

20) At a time prior to the arrival of the said VEHICLE at the convenience store, PLAINTIFF had arrived in a car at the location of the stop at the convenience store.

21) Another occupant in the car was Mary Daniels, a black female.

22) The car was parked at a location not proximate to the VEHICLE.

23) Upon the car being parked, PLAINTIFF exited the car and entered the convenience store accompanied by Mary Daniels.

24) PLAINTIFF and Mary Daniels entered the store for the purpose of buying lottery tickets and entered the queue for that purpose.

25) At no time while PLAINTIFF was inside or outside the store, did he exhibit any conduct which would justify any stop or detention by any law enforcement officer.

26) At no time did any law enforcement officer of the City of FORT LAUDERDALE Police Department receive any communication from the said federal law enforcement agency that PLAINTIFF had been engaged or was suspected to be engaged in any criminal activity.

27) At no time did any law enforcement officer of the City of FORT LAUDERDALE Police Department observe or receive any information which established any suspicion that PLAINTIFF had, was, or would be engaged in any criminal activity.

28) While waiting in the queue within the convenience store, City of FORT LAUDERDALE Police Officer JOHN DOE 1, who is one of the DEFENDANTS, entered the convenience store, took PLAINTIFF into custody, and removed him from the store.

29) The said police officer performed those actions at the request of DEFENDANT JOHN DOE 2, a City of FORT LAUDERDALE police officer, who was suspicious of PLAINTIFF because he had come too close to the VEHICLE.

30) No well-founded suspicion, reasonable suspicion or probable cause existed that PLAINTIFF had committed, was committing, or was about to commit a criminal offense.

31) No legal justification existed for the detention of PLAINTIFF.

32) JOHN DOE 1 took PLAINTIFF into custody and handcuffed PLAINTIFF without any legal basis or justification to do so.

33) Upon handcuffing PLAINTIFF, the said JOHN DOE 1 conducted a search of PLAINTIFF and detected no weapon nor evidence of any criminal conduct, no evidence of any threat to any officer and no evidence that PLAINTIFF would endeavor to flee.

34) At the time of the detention of PLAINTIFF, no law enforcement officer had probable cause, well-founded, or reasonable suspicion to believe the PLAINTIFF was armed with a dangerous weapon or possessed any contraband or would endeavor to flee.

35) JOHN DOE 1 kept PLAINTIFF in handcuffs and placed PLAINTIFF on the ground and questioned PLAINTIFF.

36) After a period of time after PLAINTIFF was handcuffed, PLAINTIFF was released.

37) PLAINTIFF suffered physical injuries as a result of the handcuffing.

38) At all times during the events, PLAINTIFF was accompanied by Mary Daniels, a black woman.

39) PLAINTIFF and Mary Daniels had just purchased food at the Popeye's Chicken located adjacent to the convenience store.

40) PLAINTIFF and Mary Daniels informed the DEFENDANTS that they had just been at the Popeye's Chicken and Mary Daniels tried to show the receipt to the DEFENDANTS. DEFENDANTS refused to look at the receipt.

41) While PLAINTIFF was handcuffed, racial statements were made by DEFENDANTS including, but not limited to, that one of them liked Popeye's Chicken and that Mary Daniels was from the "hood."

42) In addition, while PLAINTIFF was handcuffed, DEFENDANT JEFF JENKINS of the FORT LAUDERDALE Police Department took an Obama shirt from the trunk of his police vehicle and told PLAINTIFF and Mary Daniels that he had voted for Obama, the first black president of the United States.

43) During the events while PLAINTIFF was handcuffed, all the DEFENDANTS were laughing at PLAINTIFF and Mary Daniels

44) The basis to believe that PLAINTIFF was suspect in regard to this matter and also required handcuffing, continued handcuffing, detention, and questioning was because he was black.

45) The reason all the DEFENDANTS acted in the manner they did was because PLAINTIFF and Mary Daniels are black.

## **COUNT 1 - FALSE ARREST** - **DEFENDANT FORT LAUDERDALE**

46) The averments of paragraphs 1 - 45 are repeated herein.

47) At all times, FORT LAUDERDALE acted as respondeat superior for all the DEFENDANTS involved in the actions committed against PLAINTIFF.

48) As a result of the actions of FORT LAUDERDALE and JOHN DOE 1, PLAINTIFF suffered a false arrest and false imprisonment.

49) As a direct and proximate result of the false arrest and false imprisonment of PLAINTIFF, he has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

50) As a further direct and proximate result of the false arrest and false imprisonment of PLAINTIFF, he has further suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINTIFF prays:

   a) Judgment for compensatory damages against DEFENDANT FORT LAUDERDALE;

   b) Costs of suit;

   c) Trial by jury as to all issues so triable;

   d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2 - 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS DEFENDANTS JOHN DOE 1 and JOHN DOE 2

51) The averments of paragraphs 1 - 45 are repeated herein.

52) This cause of action is brought by the PLAINTIFF against JOHN DOE 1 and JOHN DOE 2 for deprivation of his constitutional rights within the meaning of 42 U.S.C. § 1983.

53) While JOHN DOE 1 and JOHN DOE 2 were acting under the authority of the State of Florida and under color of law as police officers in the employ of FORT LAUDERDALE, they subjected the PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right to be have equal protection under the law under the Fourteenth Amendment within the meaning of 42 U.S.C. § 1983 because of his race

54) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of JOHN DOE 1 and JOHN DOE 2 were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

55) As a direct and proximate result of the above-mentioned unconstitutional acts of JOHN DOE 1 and JOHN DOE 2 resulting in the false arrest of PLAINTIFF, he has further suffered mental anguish, loss of capacity for the enjoyment of life, physical injury,, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, THE PLAINTIFF prays:

a) Judgment against JOHN DOE 1 and JOHN DOE 2 for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable   may deem just and appropriate.

**COUNT 3 - 42 U.S.C. § 1981 - ALL DEFENDANTS**

56)   The averments of paragraphs 1 - 45 are repeated herein.

57)   While DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL were acting under the authority of the State of Florida and under color of law as police officers in the employ of FORT LAUDERDALE, they subjected the PLAINTIFF to intentional discrimination based on race within the meaning of 42 U.S.C. § 1981 because of his race,

58)   As a direct and proximate result of the deprivation of his rights under equal protection of the law as described above, PLAINTIFF has suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

59)   The conduct of DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL violated PLAINTIFF's rights pursuant to 42 U.S.C. § 1981.

WHEREFORE, PLAINTIFF prays:

a)   Judgment against DEFENDANTS JERALD FULLER, SHANNON DAMERON, JEFF JENKINS, MIKE FREELEY, TOM REED, EDGAR CRUZ, and TODD HILL for compensatory damages and punitive damages;

b)   Costs of suit;

c)   Trial by jury as to all issues so triable;

d)   Such other relief as this Honorable Court may deem just and appropriate.

GARY KOLLIN, P.A.
Counsel for PLAINTIFF
1844 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone: (954) 723-9999;  Fax:(954) 791-6565
garykollin@garykollinlaw.com

By: s/Gary Kollin
GARY KOLLIN, ESQ.
Florida Bar No. 282431